[Cite as *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, 195 Ohio App.3d 179, 2011-Ohio-4220.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STARKEY, | : | APPEAL NO. C-100741 |
| | | TRIAL NO. A-0907238 |
| Appellant, | : | |
| | | *D E C I S I O N.* |
| v. | : | |
| | | |
| BUILDERS FIRSTSOURCE | : | |
| OHIO VALLEY, L.L.C., | | |
| | : | |
| Appellee, et al. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 24, 2011

Fox & Fox Co., L.P.A., Bernard C. Fox, and M. Christopher Kneflin, for appellant.

Becker & Cade and Howard D. Cade III, for appellee.

J. HOWARD SUNDERMANN, Judge.

{¶ 1} Plaintiff-appellant, Joseph Starkey, appeals from the trial court's entry denying his motion for summary judgment, granting summary judgment in favor of defendant-appellee, Builders Firstsource Ohio Valley, L.L.C. ("Builders Firstsource"), on the grounds of res judicata and dismissing his complaint to participate in the workers' compensation fund for the additional condition of "degenerative osteoarthritis of the left hip."

{¶ 2}  Starkey raises two assignments of error, in which he argues that (1) the trial court erred in granting summary judgment to Builders Firstsource on the grounds of res judicata and dismissing his complaint to participate in the workers' compensation fund and (2) he is entitled to summary judgment on the merits of his claim.

{¶ 3}  Finding merit in neither assignment of error, we affirm the judgment of the trial court.  But because the trial court had no authority under R.C. 4123.512(D) to order that costs of the litigation to be charged equally between the parties, we vacate its award of costs and remand this matter to the trial court for a determination of the amount of costs to be awarded that is consistent with the provisions of R.C. 4123.512(D).

### I. Two Separate Claims for the Same Medical Condition

{¶ 4}  This case has a long and convoluted procedural history.  On September 11, 2003, Starkey was injured in the course and scope of his employment with Builders Firstsource.  He filed a claim for workers' compensation benefits that was allowed for a number of conditions.  In December 2005, he moved to amend his claim to add the additional condition of "degenerative osteoarthritis of the left hip."  The claim was allowed by a district hearing officer and affirmed by a staff hearing officer.  The Industrial Commission declined further review.

{¶ 5}  Builders Firstsource appealed to the common pleas court in the case numbered A-0801187, challenging Starkey's right to participate in the workers' compensation fund for "degenerative osteoarthritis of the left hip."  Starkey filed a corresponding complaint as required under R.C. 4123.512.  When the matter proceeded to trial, Starkey testified that he had injured his left hip during his employment with Builders Firstsource.  His expert witness, Dr. John Gallagher, testified that Starkey had degenerative osteoarthritis in his left hip and that his work-related injury had directly aggravated his preexisting osteoarthritis.  Dr. Gallagher further testified that his opinion

was consistent with the opinion of Builders Firstsource's expert witness, Dr. Thomas Bender, who had also concluded that Starkey had aggravated a preexisting condition.

{¶ 6}   At the conclusion of Starkey's evidence, Builders Firstsource argued that the trial court should dismiss Starkey's complaint to participate in the workers' compensation fund because he had asserted a new condition on appeal—aggravation of degenerative osteoarthritis of the left hip—which he had not raised administratively, and therefore, he could not participate in the fund for that condition.   The trial court agreed and granted judgment to Builders Firstsource.   It held that "a claim for aggravation of a preexisting condition is a claim separate and distinct from a claim for that underlying condition itself, and administrative action on one such claim does not without more trigger Common Pleas Court jurisdiction to consider the other."   Starkey appealed the trial court's decision to this court.

{¶ 7}   On January 26, 2009, while Starkey's appeal in the case numbered A-0801187 was pending before this court, Starkey moved to amend his claim in the Bureau of Workers' Compensation to add the condition of degenerative osteoarthritis of the left hip by way of "aggravation" or "flow through."   A district hearing officer allowed Starkey's claim for degenerative osteoarthritis of the left hip by way of aggravation.   A staff hearing officer affirmed the allowance, and the Industrial Commission declined further review.

{¶ 8}   Builders Firstsource then appealed the allowance to the trial court in the case numbered A-0907238.[1]   Starkey filed a complaint, pursuant to R.C. 4123.512, asserting that he was entitled to participate in the workers' compensation fund for this condition.   He then moved for summary judgment on the merits of the claim.

---

[1] *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, **187 Ohio App.3d 199, 2010-Ohio-1571, 931 N.E.2d 633.**

3

{¶ 9} While Starkey's claim in the case numbered A-0907238 was pending in the trial court, we reversed the trial court's order in the case numbered A-0801187.[2] We observed that Ohio appellate districts were split on the issue of whether a claimant who wishes to participate in the workers' compensation fund for a specific condition under a theory of direct causation must also include a claim for aggravation of that condition at the administrative level if the claimant wishes to raise the aggravation of that condition in an appeal under R.C. 4123.512.[3] We followed the majority of Ohio appellate districts that had held that the aggravation of an appealed condition is not a separate injury, but merely a different theory of causation that a claimant need not raise administratively before pursuing an appeal under R.C. 4123.512.[4] We concluded that because Starkey had presented claims for the same medical condition—degenerative osteoarthritis of the left hip—both administratively and in the common pleas court, and because there was no dispute among his expert or Builders Firstsource's expert that his workplace injury had aggravated his preexisting osteoarthritis, Starkey was entitled to participate in the workers' compensation fund for the additional condition of "degenerative osteoarthritis of the left hip."[5] We indicated our willingness to certify our judgment as being in conflict with those appellate districts that had reached the opposite conclusion.[6] Builders Firstsource appealed our decision to the Ohio Supreme Court, which accepted the case as a discretionary appeal.[7]

{¶ 10} Shortly thereafter, Builders Firstsource moved for summary judgment in the case numbered A-0907238. It argued that because this court had already permitted Starkey to participate in the workers' compensation fund in the case numbered A-

---

[2] Id. at ¶ 1.
[3] Id.
[4] Id.
[5] Id. at ¶ 31 and 32.
[6] Id. at ¶ 32.
[7] *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, __Ohio St.3d __, 2011-Ohio-3278, __N.E.2d __.

0801187 for the additional condition of "degenerative osteoarthritis of the left hip," his claim in the case numbered A-0907238, which involved the same parties, the same injury, and the same medical evidence, was barred by the doctrine of res judicata. The trial court agreed, granting Builders Firstsource's motion for summary judgment and denying Starkey's cross-motion for summary judgment. It dismissed Starkey's complaint and ordered the parties to share the costs of the litigation equally. Starkey appealed.

{¶ 11} We stayed Starkey's appeal pending the Ohio Supreme Court's decision in the case numbered A-0801187. On July 7, 2011, the Ohio Supreme Court affirmed this court's decision in the case numbered A-0801187, which had permitted Starkey to participate in the workers' compensation fund for the condition of "degenerative osteoarthritis of the left hip."[8] The Supreme Court held that "because aggravation of a preexisting medical condition is a type of causation, it is not a separate condition or distinct injury as defined in R.C. 4123.01."[9] Consequently, "[a]n appeal taken pursuant to R.C. 4123.512 allows the claimant to present evidence on any theory of causation pertinent to a claim for a medical condition that already has been addressed administratively."[10] As a result, we now consider the merits of Starkey assignments of error in this appeal.

### II. Res Judicata Precludes Starkey's Second Claim for Benefits

{¶ 12} In his first assignment of error, Starkey argues that the trial court erred when it granted summary judgment to Builders Firstsource on the basis of res judicata and dismissed his complaint seeking to participate in the workers' compensation fund for the additional condition of "degenerative osteoarthritis of the left hip."

---

[8] Id.
[9] Id. at paragraph one of the syllabus.
[10] Id. at paragraph two of the syllabus.

5

{¶ 13} We review the trial court's entry of summary judgment de novo, using the same standard that the trial court applied.[11] Summary judgment is appropriate under Civ.R. 56(C) when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made," the conclusion is adverse to that party.[12]

{¶ 14} Starkey argues that the trial court misapplied the doctrine of res judicata and erroneously dismissed his petition for participation in the workers' compensation system because Builders Firstsource actually commenced the action in the common pleas court by filing the notice of appeal. Consequently, Starkey asserts that the trial court should have applied res judicata against Builders Firstsource, as the plaintiff in the proceedings, and dismissed its notice of appeal. We disagree.

{¶ 15} The Ohio Supreme Court "has consistently [held] that in an employer-initiated R.C. 4123.512 appeal, it is the claimant, not the employer, who presents a claim for relief."[13] Res judicata operates to preclude a party in a previous lawsuit from relitigating a claim in a subsequent lawsuit.[14] Under the doctrine, " '[a] valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' "[15]

{¶ 16} It is undisputed that Starkey filed two separate claims for benefits with the Bureau of Workers' Compensation for the additional condition of "degenerative

---

[11] *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265.

[12] *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377.

[13] *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 365, 691 N.E.2d 667; *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 414, 704 N.E.2d 1212. See also *Fowee v. Wesley Hall, Inc.,* 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶ 14-17.

[14] *Walker v. Hodge*, 1st Dist. No. C-090535, 2010-Ohio-1989, ¶ 14.

[15] Id., quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

osteoarthritis of the left hip." Both claims shared the same parties, the same event of September 11, 2003, the same injury, and the same medical evidence. Both claims had also been allowed administratively. When this court reversed the trial court's judgment in the case numbered A-0801187 and permitted Starkey to participate in the workers' compensation fund for the additional condition of "degenerative osteoarthritis of the left hip," his claim had been fully argued and adjudicated by a court of competent jurisdiction.

{¶ 17} The sole issue before the trial court in the case numbered A-0907238 was whether Starkey could participate in the workers' compensation fund for the additional condition of "degenerative osteoarthritis of the left hip" by way of aggravation. But Starkey had already been granted the right to participate for this condition in the case numbered A-0801187. Thus, res judicata precluded Starkey, as the party who was seeking to obtain the same relief he had been afforded in the prior action, from presenting a claim for participation in the workers' compensation fund for the same medical condition in the case numbered A-0907238. Consequently, his complaint is barred by res judicata and Builders Firstsource was entitled to judgment as a matter of law.[16]

{¶ 18} Had the trial court not dismissed Starkey's complaint in this case, he would have had two separate claims allowing him to participate in the workers' compensation fund for the same medical condition. As a result, we overrule Starkey's first assignment of error. Our disposition of Starkey's first assignment of error has rendered moot his second assignment of error, in which he argues that he was entitled to summary judgment on the merits of his claim.

{¶ 19} We, note, however, that the trial court, in its entry granting summary judgment to Builders Firstsource, ordered that "costs are charged equally to all parties."

---

[16] See *Robinson v. AT & T Network Sys.*, 10th Dist. No. 02AP-807, 2003-Ohio-1513, ¶ 13-18.

Because R.C. 4123.512(D) does not provide for costs to be awarded on this basis, we vacate the award of costs and remand this matter to the trial court for a determination of the amount of costs to be awarded consistent with the provisions of R.C. 4123.512(D). We affirm the trial court's judgment in all other respects.

Judgment affirmed in part

and vacated in part,

and cause remanded.

DINKELACKER, P.J., and CUNNINGHAM, J., concur.