[Cite as *Miller v. Community Health Partners*, 2013-Ohio-1935.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| LYNN MILLER | | C.A. No.   12CA010165 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| COMMUNITY HEALTH PARTNERS, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellants | | CASE No.   11CV171377 |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2013

MOORE, Judge.

{¶1}    Defendant-Appellant, Community Health Partners (or "CHP"), appeals from the December 29, 2011 judgment entry of the Lorain County Court of Common Pleas.  We reverse.

I.

{¶2}    This matter stems from a work related injury suffered by Plaintiff-Appellee, Linda Miller, during her employment with Community Health Partners.  Ms. Miller, a registered nurse, claims that she immediately felt lower back pain when she caught a patient who was falling out of a wheelchair.  When she filed a workers' compensation claim for temporary total disability, the Industrial Commission ultimately allowed her claim for injuries related to her back.

{¶3}    Pursuant to R.C. 4123.512, Community Health Partners appealed the Industrial Commission's order to the court of common pleas.  Ms. Miller then filed the requisite corresponding complaint asking that her claim for injury to her back be recognized as a compensable claim.  While this appeal was pending in the common pleas court, Ms. Miller filed

a motion with the Industrial Commission for an additional allowance of a psychological disorder relating to the back injury. The Industrial Commission recognized this additional allowance, and ordered temporary total disability compensation to be paid for the psychological condition. Although Community Health Partners appealed this order to the Industrial Commission, after the Commission allowed the condition, it did not further appeal the matter to the court of common pleas.

{¶4} After the Industrial Commission issued its order recognizing the additional psychological condition, Ms. Miller voluntarily dismissed her complaint regarding the back injury. Ms. Miller then re-filed her complaint, within one year of dismissal, asking that a jury find that the claim for her back injury is compensable under workers' compensation law.

{¶5} Community Health Partners filed an answer admitting that Ms. Miller suffered a work-related injury, but denying the nature and extent of the injury.

{¶6} Ms. Miller then filed a motion for summary judgment arguing that Community Health Partners is barred by the doctrine of res judicata and/or collateral estoppel from re-litigating the issue of whether she is entitled to workers' compensation for her 2006 back injury. She argued that Community Health Partners previously litigated this issue to a valid, final judgment when it failed to further appeal the Industrial Commission's order which allowed the additional psychological condition predicated upon her 2006 back injury. Ms. Miller reasoned that, although CHP denied that she suffered a compensable back injury throughout the previous proceedings before the Industrial Commission, it failed to appeal the allowed psychological condition "based upon and stemming from the same back injury." Further, Ms. Miller argued that, in its answer, CHP admitted the allegations regarding her back injury.

{¶7} Community Health Partners filed a memorandum in opposition to Ms. Miller's motion in which it argued that it cannot be barred by the doctrine of res judicata from *defending itself* against Ms. Miller's claims in an employer initiated appeal. Further, CHP asserted that collateral estoppel is not appropriate because the issue of whether Ms. Miller suffered a compensable back injury was not actually and directly litigated in her subsequent claim for an additional psychological allowance. Finally, CHP maintained that it never admitted that Ms. Miller's work-related injury was a compensable claim.

{¶8} In its order granting Ms. Miller's motion for summary judgment, the trial court stated as follows:

> This Court agrees with [Ms. Miller's] characterization of the facts. The [Industrial Commission's] order regarding [Ms. Miller's] psychological allowances is now final[,] and implicit therein is that the underlying back injury is valid and compensable, therefore the appeal based upon the allowances for the underlying back injury cannot be considered separately. According to the doctrine of *res judicata*, where a valid, final judgment is rendered upon the merits, all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of the previous action are barred. This is [the] case here in that *res judicata* bars [] CHP from relitigating the issue of [Ms. Miller's] back injury that already had come to a valid, final ruling on the merits in the order by the [Industrial Commission] regarding [Ms. Miller's] psychological allowance. By failing to exercise their right to appeal that decision, [] CHP has accepted that ruling and the implications thereof as final and must accept the consequences of that procedural decision.

(Emphasis sic.) (Citations omitted.)

{¶9} Community Health Partners timely appealed, and raises two assignments of error for our consideration.

## II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT [MS. MILLER] MAY RAISE THE DEFENSE OF CLAIM PRECLUSION RES JUDICATA.

{¶10} In its first assignment of error, CHP argues that only a defending party in an action can assert claim preclusion res judicata, and, as such, the trial court's decision has "no legal basis" and must be reversed as a matter of law.

{¶11} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Specifically, the moving party must support its motion by pointing to some evidence in the record indicated in Civ.R. 56(C). *Id*. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶12} Civ.R. 56(C) provides that, in reviewing a motion for summary judgment, the court should review "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Further, when affidavits are submitted in support of or in opposition to motions for summary judgment, Civ.R. 56(E) provides that the affidavits "shall be made on personal knowledge, shall set forth such facts as

would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶13} It is well-settled that res judicata is an affirmative defense. *Business Data Sys., Inc., v. Gourmet Cafe Corp.*, 9th Dist. No. 23808, 2008-Ohio-409, ¶ 13. Further, "[t]he doctrine of res judicata includes the concepts of issue preclusion (collateral estoppel) and claim preclusion." *Brunswick Hills Twp. Bd. Of Trustees v. Ludrosky*, 2012-Ohio-2556, ¶ 9 (9th Dist.) With regard to claim preclusion, this Court has stated that "[t]he doctrine of res judicata provides that '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Perrine v. Patterson,* 9th Dist. No. 22993, 2006-Ohio-2559, ¶ 22, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, (1995) syllabus. "Further, application of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties or their privities in the first action, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim." *Fraternal Order of Police, Akron Lodge No. 7 v. Akron*, 9th Dist. No. 23332, 2007-Ohio-958, ¶ 11, citing *Brown v. Dayton*, 89 Ohio St.3d 245, 247 (2000); *Business Data Systems, Inc. v. Figetakis,* 9th Dist. No. 22783, 2006-Ohio-1036, ¶ 11.

{¶14} Additionally, "[i]n Ohio, res judicata embraces the doctrine of collateral estoppel." *Ohio Cas. Ins. Co. v. Hamel*, 3 Ohio App.3d 278, 279 (1st Dist.1981). The doctrine of collateral estoppel states that "if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different

claim." *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74 (1977). "Collateral estoppel precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'" *Krahn v. Kinney*, 43 Ohio St.3d 103, 107 (1989), quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195 (1983).

{¶15} Here, although the parties discussed both concepts of res judicata below, the trial court appears to have relied upon res judicata in its claim preclusion form. The trial court cited *Grava* and concluded that Community Health Partners should be precluded from relitigating whether Ms. Miller's 2006 back injury is a compensable claim under workers' compensation law because "a valid, final ruling on the merits" already existed as to the back injury through the order allowing the psychological condition. In *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, 195 Ohio App.3d 179, 2011-Ohio-4220, ¶ 15 (1st Dist.), the First District Court of Appeals addressed whether it is proper for a claimant to assert the doctrine of res judicata against an employer in an employer initiated R.C. 4123.512 appeal, stating:

> The Ohio Supreme Court has consistently [held] that in an employer-initiated R.C. 4123.512 appeal, it is the claimant, not the employer, who presents a claim for relief. Res judicata operates to preclude a party in a previous lawsuit from relitigating a claim in a subsequent lawsuit. Under the doctrine, a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

(Internal citations and quotations omitted.) *Id*. *See also Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 365-66 (1998). We agree with our sister court and conclude that, in the present matter, the doctrine of res judicata should not have been applied against Community Health Partners. In filing its R.C. 4123.512 appeal, CHP was not bringing a claim, but rather *defending* against Ms. Miller's claim. *See Starkey* at ¶ 15. "'The doctrine of res judicata requires a *plaintiff* to present every ground for relief in the first action, or be forever barred from

asserting it.'" (Emphasis added.) *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000), quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990). Further, in an employer-initiated appeal, brought pursuant to R.C. 4123.512, the claimant is considered the plaintiff. *See Robinson* at 364-370. Finally, there is no evidence in the record that the issue of whether Ms. Miller actually suffered a work-related, compensable back injury was ever actually and necessarily litigated in the subsequent action allowing an additional psychological condition. *See Krahn* at 107.

{¶16} We note that even if the trial court would have relied upon res judicata in its issue preclusion form (collateral estoppel) to grant summary judgment in favor of Ms. Miller, this Court's decision would remain the same. In *Brunswick*, 2012-Ohio-2556, at ¶ 11, we concluded that "issue preclusion can only be applied against parties who have had a prior full and fair opportunity to litigate their claims." (Internal quotations and citations omitted.) As stated above, there is no evidence that CHP was afforded a full and fair opportunity to litigate whether Ms. Miller suffered a compensable back injury, and, as such, it should not be barred by the offensive use of collateral estoppel.

{¶17} Therefore, based upon the record before us, we conclude that the trial court erred as a matter of law in granting Ms. Miller's motion for summary judgment on the basis of res judicata.

{¶18} CHP's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT RES JUDICATA BARS A DEFENDANT-EMPLOYER'S TIMELY FILED NOTICE OF APPEAL FOR THE PHYSICAL ALLOWANCES OF A WORKERS' COMPENSATION CLAIM WHEN [] [CHP] DID NOT FILE A NOTICE OF APPEAL IN A SUBSEQUENT CLAIM FOR A PYSCHOLOGICAL ALLOWANCE.

{¶19} Due to our resolution of Community Health Partner's first assignment of error, its second assignment of error is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

{¶20} CHP's first assignment of error is sustained, and its second assignment of error is moot. The judgment of Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.


<u>APPEARANCES:</u>

THOMAS R. WYATT and JERRY P. CLINE, Attorneys at Law, for Appellant.

CHRISTOPHER G. WINCEK and DARYL GAGLIARDI, Attorneys at Law, for Appellee.