[Cite as *Nationstar Mtge, L.L.C. v. Young*, 2015-Ohio-3868.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | C.A. No.    27499 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| CHARLES YOUNG, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    CV 2013 07 3563 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2015

HENSAL, Presiding Judge.

{¶1}    Nationstar Mortgage, LLC. appeals the award of summary judgment in favor of Charles and Gertraud Young by the Summit County Court of Common Pleas. For the reasons set forth below, we reverse and remand for further proceedings.

I.

{¶2}    Aurora Loan Services, LLC had the senior mortgage on the property located at 2625 Topflite Dr. ("the Property") in Akron. In late January 2007, a second mortgage in favor of the Youngs was recorded against the Property. Aurora filed a foreclosure action against the Property in February 2007, but the action was stayed by the bankruptcy filing of the owner Stephanie Young, the Youngs' daughter. Aurora eventually obtained relief from the stay, but the Youngs were never named as defendants during the foreclosure proceedings. The Property was sold by the master commissioner with Aurora entering the winning bid, which it then assigned to Nationstar.

{¶3}    After the confirmation of the sale, Nationstar filed an action to quiet title, seeking to have the Youngs' claim to the Property stripped from it.  The parties both moved for summary judgment.  The Youngs argued that res judicata barred Nationstar from challenging the validity of their mortgage on the Property.   Nationstar moved in opposition, arguing that the Youngs had waived the affirmative defense of res judicata by not pleading it in their answer and arguing that the bankruptcy proceedings did not have res judicata effect.  The trial court denied Nationstar's motion for summary judgment and granted the Youngs' motion.  Nationstar has appealed, raising two assignments of assignment for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE YOUNGS BASED UPON AN AFFIRMATIVE DEFENSE (RES JUDICATA) THAT THE YOUNGS DID NOT PLEAD OR MOVE TO PLEAD.

{¶4}    Nationstar argues in its first assignment of error that the trial court erred in granting summary judgment on the basis of res judicata because the Youngs had waived the affirmative defense by not pleading it.  The Youngs counter that they were not required to plead the affirmative defense and could raise it for the first time in a motion for summary judgment. The Youngs also argue in the alternative that they had pleaded the defense of res judicata.

{¶5}    Res judicata is an affirmative defense. *Miller v. Community Health Partners*, 9th Dist. Lorain No. 12CA010165, 2013-Ohio-1935, ¶ 13.  Civil Rule 8(C) requires res judicata to be pleaded in an answer.  In *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18 (1998), a plurality of the Ohio Supreme Court agreed that "[a]ffirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings" and decided that res judicata would, therefore, be waived if not pled in the answer.  *Id.* at 20, citing

Civ.R. 8 and Civ.R. 15. In *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107 (1991), however, the Supreme Court concurred with the Third District that res judicata could be raised in a motion for summary judgment, albeit in a case where the motion in question was a pre-answer motion to dismiss that was converted to a motion for summary judgment. *See id.* at 109; *id.* at 107.

{¶6} In response to the Youngs' motion for summary judgment, Nationstar, relying upon *Jim's Steakhouse*, argued that the Youngs' had forfeited res judicata by not pleading it in their answer. The trial court did not address Nationstar's argument, instead simply ruling that res judicata prohibited Nationstar's claim. Unfortunately, it is unclear from the trial court's entry whether it decided that the Youngs could assert the affirmative defense of res judicata because they had properly pled it in their answer (*Jim's Steakhouse*) or because it could be raised for the first time in a motion for summary judgment (*Freeman*). This is not inconsequential as this Court has not previously addressed the potential conflict between *Freeman* and *Jim's Steakhouse*, making this a matter of first impression in this district. Thus, the trial court should have addressed the issue as "'[t]his Court's role on appeal is to review the trial court's decision and determine whether it is supported by the record.'" *See, e.g., Carriage Ins. Agency, Inc. v. Ohio Farmers Ins. Co.*, 9th Dist. Summit No. 27259, 2015-Ohio-2617, ¶ 12, quoting *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21. "'If this Court were to reach issues that had not been addressed by the trial court in the first instance, it would be usurping the role of the trial court and exceeding its authority on appeal.'" *Id.*, quoting *Allen* at ¶ 21.

{¶7} Accordingly, it is appropriate to reverse the trial court and remand the matter so that the trial court may consider the application of *Jim's Steakhouse* and *Freeman* to the facts of

this case so that we may properly function as a court of review. *See McGlumphy v. Richard T. Kiko Agency, Inc.* 9th Dist. Summit No. 27043, 2014-Ohio-3479, ¶ 15.

{¶8} Nationstar's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DECIDED THAT [ ] RES JUDICATA PRECLUDES NATIONSTAR FROM DISPUTING THE YOUNG'S MORTGAGE LIEN.

{¶9} Given our resolution of Nationstar's first assignment of error, this assignment of error is not yet ripe for review, and, therefore, we decline to address it. *See Fannie Mae v. Trahey*, 9th Dist. Lorain No. 12CA010209, 2013-Ohio-3071, ¶ 13.

III.

{¶10} In light of the foregoing, we reverse the decision of the Summit County Court of Common Pleas and remand the matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

EDWARD H. CAHILL, Attorney at Law, for Appellant.

ROBERT M. STEFANCIN, Attorney at Law, for Appellees.