[Cite as *Brunner v. RJ Lipps, Inc.*, 2016-Ohio-3231.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY A. BRUNNER, | : | APPEAL NO. C-150601 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1402579 |
| vs. | : | *O P I N I O N.* |
| RJ LIPPS, INC., d.b.a. ROSELAWN LAROSA'S, | : | |
| and | : | |
| CAMERON NAPIER, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| AETNA HEALTH INC., | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 1, 2016

*Dennis C. Mahoney*, for Plaintiff-Appellant,

*Stephen A. Bailey*, for Defendant-Appellee RJ Lipps, Inc., d.b.a. Roselawn LaRosa's,

*Law Office of John M. Williams, LLC*, and *John M. Williams*, for Defendant-Appellee Cameron Napier.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}    This case involves the attempted use of offensive collateral estoppel. Plaintiff-appellant Anthony Brunner challenges the trial court's denial of his motion for partial summary judgment in his negligence action against defendants-appellees Cameron Napier and R.J. Lipps, Inc., d.b.a. Roselawn LaRosa's ("Lipps").

{¶2}    Because the trial court properly denied Brunner's motion for partial summary judgment, we affirm.

### *Facts and Procedure*

{¶3}    Brunner and Napier were involved in an automobile accident on August 3, 2009. Following the accident, Brunner filed suit against Napier, alleging that Napier had negligently operated his motor vehicle and caused injury to Brunner. Brunner additionally named Lipps as a defendant in the lawsuit, alleging that Napier had been employed by Lipps and was acting within the course and scope of his employment when the automobile accident occurred.

{¶4}    Brunner filed a motion for partial summary judgment, arguing that the issue of liability should be determined in his favor based on the doctrine of collateral estoppel. In support of his collateral-estoppel argument, Brunner sought to rely on a municipal court judgment finding Napier guilty of making an improper left turn. Napier had been issued a traffic citation for making an improper left turn after the accident and had been subsequently found guilty following a trial. Brunner contended that because the identical issue of whether Napier had turned improperly and had failed to yield the right of way was at issue in this case, Napier and Lipps should be bound by the prior judgment and prevented from relitigating the issue of

2

liability. Brunner did not make Napier's judgment of conviction or the transcripts from Napier's trial in the municipal court a part of the record in this case. But the record does contain deposition testimony from Napier in which he admitted to being found guilty of the traffic citation.

{¶5} The trial court denied Brunner's motion for partial summary judgment, and the case proceeded to a jury trial. The jury found that Napier had not been negligent and it returned a verdict in favor of Napier and Lipps.

{¶6} Brunner has appealed. In one assignment of error, he argues that the trial court erred by failing to grant him summary judgment on the basis of the doctrine of collateral estoppel.

### Standard of Review

{¶7} We review a trial court's grant of summary judgment de novo. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exist no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### Collateral Estoppel

{¶8} Collateral estoppel, also known as issue preclusion, provides that an issue that has been fully and fairly litigated and determined in a prior action "may not be drawn into question in a subsequent action between the same parties or their

privies, regardless of whether the claims in the two actions are identical or different." *See Michell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 13 (1st Dist.). The doctrine of collateral estoppel is applicable when (1) the party against whom estoppel is sought was either a party or in privity with a party to the prior action; (2) a final judgment was rendered on the merits in the previous action following a full and fair opportunity to litigate the issue; (3) the issue on which estoppel is sought was either admitted or actually tried and decided in the prior action, and was necessary to the final judgment; and (4) the issue in the current case is identical to the issue involved in the prior suit. *See Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App.3d 179, 180-181, 486 N.E.2d 1165 (1st Dist.1984).

{¶9} Collateral estoppel may be used both offensively and defensively. Defensive collateral estoppel occurs when a defendant seeks to stop a plaintiff from asserting a claim that the plaintiff had previously litigated and lost. *See Parklane Hosier Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Offensive collateral estoppel "occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Id.* Because Brunner is seeking to prevent Napier and Lipps from relitigating the issue of liability in the automobile accident based on the judgment in the prior municipal court action finding Napier guilty of making an improper left turn, an action that Brunner was not a party to, this case involves the use of offensive collateral estoppel.

{¶10} Courts have generally been cautious in allowing the use of offensive collateral estoppel. *Id.* at 329; *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio

St.3d 193, 197, 443 N.E.2d 978 (1983). Allowing a plaintiff to rely on a previous judgment obtained against a defendant in an action to which the plaintiff was not a party, and that the plaintiff would not have been bound by had the defendant prevailed, does not promote judicial economy. Rather, it encourages plaintiffs to adopt a "wait and see" mentality. *See Parklane* at 329-330. Offensive collateral estoppel has also been viewed as unfair to a defendant. In some situations, a defendant may lack incentive to vigorously defend an action, but could be bound by a judgment obtained in that action in a later case in which the defendant had more at stake and would seek to present a more thorough defense. *Id.* at 330. Courts have further recognized that it would be unfair to apply offensive collateral estoppel "where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Id.* at 331.

{¶11} We must determine whether offensive collateral estoppel can be used to bind a court in a subsequent civil action by an earlier judgment obtained on a traffic citation. In this case, we hold that it cannot.

{¶12} A defendant does not have the same incentive to defend a traffic citation for making an improper left turn as he or she would have to defend a civil action for negligence. The damages at stake in the civil action are simply not present in an action involving a traffic citation. Similarly, defenses that would be available to a defendant in a civil action for negligence have no relevance to and are unavailable in a traffic case. Further, whereas a negligence action is governed by the Ohio Rules of Civil Procedure, the legislature has promulgated separate rules to govern actions involving traffic citations. *See* Traf.R. 1-23.

{¶13} Under these circumstances, we hold that offensive collateral estoppel cannot be used to prevent Napier and Lipps from litigating issues that were previously decided against Napier in the prior traffic case.

{¶14} Several additional considerations support the trial court's denial of Brunner's motion for summary judgment. As we have explained, Brunner sought to establish Napier's liability for negligence based on the fact that he had been found guilty of a traffic violation in the prior case. But pursuant to R.C. 2307.60, only a final judgment of conviction "that adjudges an offender guilty of an offense of violence punishable by death or imprisonment in excess of one year" is admissible as evidence in a subsequent civil action. *See* R.C. 2307.60(A)(2). Napier was found guilty of making an improper left turn. Making an improper left turn is not an offense of violence. Consequently, R.C. 2307.60 prohibited admission of evidence that Napier had been found guilty of the traffic citation. And because a trial court may only rely on admissible evidence when ruling on a motion for summary judgment, it could not have granted Brunner's motion on the ground that Napier had been found guilty of a traffic violation. *See Guernsey Bank v. Milano Sports Ent., L.L.C.*, 177 Ohio App.3d 314, 2008-Ohio-2420, 894 N.E.2d 715, ¶ 59 (10th Dist.), citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 631, 605 N.E.2d 936 (1992), fn. 4.

{¶15} With respect to Lipps, the doctrine of collateral estoppel is additionally inapplicable because Lipps was neither a party to the traffic action nor in privity with a party to that action. *See Monfort Supply Co. v. Cheviot*, 1st Dist. Hamilton No. C-940898, 1995 Ohio App. LEXIS 4172, *16-17 (Sept. 27, 1995). It would be manifestly

unfair to bind Lipps to a judgment issued in an action in which it had no representation or ability to offer a defense.

**{¶16}** We hold that the trial court properly denied Brunner's motion for partial summary judgment. Brunner's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**FISCHER, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.