[Cite as *W. Bay Care & Rehab. Ctr. v. Estate of Nay*, 2019-Ohio-4306.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| WEST BAY CARE AND<br>REHABILITATION CENTER | C.A. Nos. | 18CA011273<br>18CA011332 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ESTATE OF CARL NAY, et al. | | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellants | | CASE No.    13CV179036 |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2019

SCHAFER, Judge.

{¶1}  Defendant-Appellants, Estate of Doris Nay, David Bray, and Michael Bray appeal the judgments of the Lorain County Court of Common Pleas.  For the following reasons, this matter is reversed and remanded.

I.

{¶2}  Although the record in this case is arduous, the facts and procedure relevant to the current appeal are as follows.  Carl Nay was admitted to Center Ridge Nursing Home ("Center Ridge") in early 2008.  Doris Nay, his wife, signed the facility admission agreement as a guarantor, limiting her obligation to Center Ridge to the extent of Carl's income, assets, and resources to which she had legal access.  A few months later, Carl was admitted to West Bay Care & Rehabilitation Center ("West Bay").

{¶3}  Meanwhile, Carl's daughter applied to the Lorain County Probate Court to be appointed guardian due to his incompetency.  Doris filed a counter-application objecting to

Carl's admission to West Bay and requesting to be appointed his guardian. The Lorain County Probate Court ultimately issued an order finding Carl was incompetent and in need of nursing facility care. The court ordered that Carl remain at West Bay pending further court order and appointed an independent guardian of Carl's estate.

{¶4} Following Carl's stay at Center Ridge, the nursing home filed a complaint against Carl, Doris, and David Bray, Doris' adult son from a previous marriage, to recover $5,397.00 due on Carl's account and alleging that Carl and Doris had fraudulently transferred certain real property to David. Although it appears from the certified record in that case that the complaint was properly served, David never appeared in the matter. Center Ridge eventually filed a motion for summary judgment arguing that due to the fraudulent transfers, Carl and Doris were unable to pay Center Ridge for Carl's care and thus, Carl, Doris, and David were financially obligated to Center Ridge. None of the defendants in that case responded to the motion for summary judgment. The trial court ultimately issued a journal entry purporting to grant summary judgment.

{¶5} On January 12, 2010, West Bay filed a complaint against Carl, Doris, and David. On January 13, 2013, West Bay voluntarily dismissed the complaint, without prejudice. The following day, West Bay refiled the complaint in the present matter, adding as an additional defendant, the guardian of Carl's estate. West Bay asserted in its "first claim for relief" that it was due $146,734.96 on an account for health care services rendered to Carl and alleged claims for breach of contract and spousal obligation. The complaint then alleged a "second claim for relief" pursuant to R.C. 1336.04, asserting that Carl and Doris had fraudulently transferred certain real property to David for no consideration with the intent to defraud West Bay. Accordingly, West Bay prayed for a judgment in the amount of $146,734.96 plus interest, costs,

and attorney's fees. West Bay further prayed for a judgment ordering David to convey to the guardian of Carl's estate, the real property alleged to have been fraudulently transferred.

{¶6} Kurt Anderson, the successor guardian of Carl's estate, Doris, and David eventually filed answers to the complaint and the matter proceeded through the litigation process. Michael Bray, another adult son of Doris from a previous marriage, was granted leave to intervene. Doris passed away while the matter was pending and Doris' estate was substituted as a defendant. David and Michael filed an answer to the amended complaint and a counterclaim seeking declaratory judgment that Michael had an equitable interest in the properties, that the conveyances from Doris to David were not fraudulent, and that they were not liable for any care provided to Carl by West Bay. The counterclaim further asserted claims for constructive trust, unjust enrichment, and quantum meruit against West Bay.

{¶7} Carl's estate was granted leave to file a cross-claim against Doris "and her estate's beneficiaries for support and contribution and for recovery of certain assets." The cross-claim asserted claims for statutory spousal support, fraudulent transfer, conversion, fraud, and civil conspiracy against Doris, David, and Michael. Doris' estate, David, and Michael answered the cross-claim.

{¶8} While the litigation proceeded through the pretrial process, Carl passed away. Anderson, as the administrator of Carl's estate, was then substituted as a defendant in place of Anderson as the guardian of Carl's estate.

{¶9} The trial court eventually granted West Bay partial summary judgment, determining that pursuant to R.C. 3103.03, Doris, now Doris' estate, was statutorily obligated to aid in the support of Carl to the extent that she was able. The trial court, however, expressly

stated that the issue of the amount of that judgment and the Doris's ability to pay remained in dispute.

{¶10} Thereafter, West Bay filed a supplemental motion for summary judgment, arguing that the issue of fraudulent conveyance relating to several specific real properties had already been determined in the Center Ridge case and that Doris' estate and David were collaterally estopped from contesting West Bay's assertion of fraudulent transfer as to those properties. Carl's estate subsequently filed a motion for summary judgment on the same basis. In response, Doris' estate and David argued that the motions must be denied because there were no specific findings of fact or conclusions of law relating to the alleged fraudulent transfers in the Center Ridge case and thus, collateral estoppel did not apply. The trial court thereafter issued a journal entry finding that estoppel applied and granting West Bay's and Carl's estate's motions for summary judgment.

{¶11} Carl's estate filed an application for an award of punitive damages and attorney fees and West Bay filed an application for attorney fees and a motion for pre and post-judgment interest. The trial court granted the motions and issued a second amended judgment entry purporting to address the disposition of the fraudulently transferred properties and appointing Anderson as a receiver for one of the properties.

{¶12} The trial court then granted Carl's estate leave to file an amended cross-claim and third-party complaint asserting several claims against Mike's Towing & Auto Repair, Inc, a business operated by Michael that occupied one of the properties at issue.

{¶13} In response to a motion filed by Carl's estate, the trial court issued an order pursuant to Civ.R. 54(B) finding no just cause for delay as to the journal entry granting summary

judgment on the issue of fraudulent conveyance. Doris' estate, David, and Michael filed a timely appeal of the order.

{¶14} West Bay and Carl's estate subsequently filed a joint motion in the matter below to dismiss their remaining claims pursuant to Civ.R. 41(A)(2) without prejudice. The trial court dismissed the pending claims of West Bay and Carl's estate and determined that Michael's pending counter-claims and cross-claims were rendered moot and/or barred by the finding of fraudulent transfer. Consequently, the trial court sua sponte dismissed Michael's claims with prejudice and purported to issue a final judgment "consistent with all prior orders." Doris' estate, David, and Michael filed a timely appeal.

{¶15} This Court consolidated the appeals for briefing. Doris' estate, David, and Michael raise six assignments of error for our review. For ease of analysis, we elect to consider assignments of error three, four, five, and six together.

II.

**Assignment of Error I**

**The trial court erred in granting summary judgment to West Bay and Carl's estate on their claims that Doris's estate fraudulently conveyed real estate to David.**

{¶16} In their first assignment of error, Doris's estate, David, and Michael assert that the trial court erred in granting summary judgment in favor of West Bay and Carl's estate on the issue of fraudulent conveyance. We agree.

{¶17} Under Civ.R. 56(C), summary judgment is appropriate when:

(1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶18}** In this case, West Bay filed a supplemental motion for summary judgment, arguing that the issue of fraudulent conveyance relating to several specific real properties had already been determined in a previous matter and that Doris' estate and David were collaterally estopped from contesting West Bay's assertion of fraudulent transfer as to those properties. Thus, West Bay sought to use the doctrine of collateral estoppel offensively. *See O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, ¶ 14, citing *Hann v. Carson*, 462 F.Supp. 854, 859 (M.D.Fla.1978), fn. 2. "Offensive claim preclusion involves a situation in which a plaintiff seeks to bar a defendant from raising any new defenses, while defensive claim preclusion includes any scenario in which a defendant seeks to completely bar relitigation of a claim already determined in a prior lawsuit." *Id*, citing *Hann* at fn. 2.

**{¶19}** Res judicata is a doctrine of judicial preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). There are two theories on which res judicata operates: claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). *Id*. As stated above, this matter implicates the doctrine of collateral estoppel. "The doctrine of collateral estoppel states

that 'if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Miller v. Community Health Partners*, 9th Dist. Lorain No. 12CA010165, 2013-Ohio-1935, ¶ 14, quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 77 (1977).

> The doctrine of collateral estoppel is applicable when (1) the party against whom estoppel is sought was either a party or in privity with a party to the prior action; (2) a final judgment was rendered on the merits in the previous action following a full and fair opportunity to litigate the issue; (3) the issue on which estoppel is sought was either admitted or actually tried and decided in the prior action, and was necessary to the final judgment; and (4) the issue in the current case is identical to the issue involved in the prior suit.

*Brunner v. RJ Lipps, Inc.*, 1st Dist. Hamilton No. C-150601, 2016-Ohio-3231, ¶ 9, citing *Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App.3d 179, 180-181 (1st Dist.1984).

{¶20} In this case, West Bay's supplemental motion for summary judgment argues that although it was not a party to the Center Ridge case, an exception to the requirement of mutuality should apply in the present matter because the defendants had a full and fair opportunity to litigate the facts relating to the issue of fraudulent conveyance in the Center Ridge case. However, "[c]ourts have generally been cautious in allowing the use of offensive collateral estoppel." *Brunner* at ¶ 10, citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) and *Goodson v. McDonough Power Equip.*, 2 Ohio St.3d 193, 197 (1983). As the First District explained:

> Allowing a plaintiff to rely on a previous judgment obtained against a defendant in an action to which the plaintiff was not a party, and that the plaintiff would not have been bound by had the defendant prevailed, does not promote judicial economy. Rather, it encourages plaintiffs to adopt a "wait and see" mentality. Offensive collateral estoppel has also been viewed as unfair to a defendant. In some situations, a defendant may lack incentive to vigorously defend an action, but could be bound by a judgment obtained in that action in a later case in which

the defendant had more at stake and would seek to present a more thorough defense.

(Internal quotations and citations omitted.) *Brunner* at ¶ 10. Additionally, "[i]n many cases within which a motion for summary judgment is presented relying upon collateral estoppel, there may well have been attendant elements in the prior cause which could materially have altered the prior judgment, in which event the common party to the prior cause should not be deprived of his right to a trial by jury in the new cause." *Goodson* at 201. Accordingly, the Supreme Court outlined a number of factors that should be considered in the determination of whether the application of collateral estoppel applies in the absence of mutuality. *See Id.* Those factors include:

> the tangible, as well as the intangible, elements which have their meaningful effect upon the result of any cause, the nature of the claim and the claimants, as well as the nature of the defendant; the amount involved in such claim; the manner of the advocacy, often depending upon the amounts involved in such cause; the philosophical elements surrounding the cause; the agreed settlement, if any, in the matter; the vast differences between juries and their determinations of issues of liability and damages; and the unwillingness to appeal a verdict, if such would not be feasible.

*Id.*

{¶21} Regardless, we need not reach a determination on the issue of whether nonmutual offensive collateral estoppel is appropriate in this case because a review of the record shows that the judgment issued in the Center Ridge matter on which West Bay relies is not a final judgment. Pursuant to Civ.R. 54(B),

> any order or other form of decision, however designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the judgment on which West Bay relies states in full:

This cause came on for hearing on the 10th day of May, 2010, upon Plaintiff's Motion for Summary Judgment against Defendants Carl Nay, Doris Nay and David. For good cause shown, the Court being fully advised in the premises hereby renders judgment against Carl Nay, Doris Nay and David in favor of Plaintiff in the amount of Five Thousand Three Hundred Ninety-Seven Dollars ($5,397.00) plus interest at five percent (5%) per annum and costs.

The motion is granted.

Notably, the trial court only issued a monetary judgment and did not make any findings regarding fraudulent transfer. Nonetheless, a review of the record in the Center Ridge matter, which was certified and made a part of the record in this matter, shows that the issue of fraudulent transfer was the sole issue that Center Ridge submitted for summary judgment. However, further review of the certified record indicates that Center Ridge alleged a number of claims in its complaint including breach of contract, unjust enrichment, action on account, promissory estoppel, constructive trust, fraudulent conveyances, and liability of attorney-in-fact. Thus, even assuming without deciding that the judgment entry effectively disposed of Center Ridge's claim regarding fraudulent conveyance, it did not dispose of all the claims in the complaint and it did not state that there was no just reason for delay pursuant to Civ.R. 54(B). Accordingly, the judgment entry is not a final order and West Bay may not rely on it to assert that Doris' estate and David are collaterally estopped from contesting West Bay's assertion of fraudulent transfer as to those properties. *See Miller*, 2013-Ohio-1935 at ¶ 14, quoting *Hicks*, 52 Ohio St.2d at 77; *Brunner*, 2016-Ohio-3231 at ¶ 8, citing *Monahan*, 21 Ohio App.3d at 108-181.

{¶22} Therefore, we conclude that the trial court erred in granting summary judgment to West Bay on the issue of fraudulent conveyance. The first assignment of error is sustained.

### Assignment of Error II

**The trial court never entered a monetary judgment against any defendant, as a result, the judgments it has issued are not final and appealable.**

{¶23} In their second assignment of error, Doris's estate, David, and Michael contend that there is no final appealable order in this case since the trial court did not enter a monetary judgment against any defendant. However, our resolution of the first assignment of error renders assignment of error two moot and we decline to address it. *See* App.R. 12(A)(1)(c).

### Assignment of Error III

**The trial court erred in granting attorney's fees to West Bay and Carl's estate.**

### Assignment of Error IV

**The trial court erred in awarding pre-judgment and post-judgment interest to West Bay.**

### Assignment of Error V

**The trial court erred in appointing Kurt Anderson as a receiver for the property at 501 Irving Parkway, Sheffield Lake, Ohio.**

### Assignment of Error VI

**The trial court erred in dismissing Michael Bray's claims without prejudice.**

{¶24} In their third assignment of error, Doris' estate, David, and Michael argue that the trial court erred in granting attorney's fees to West Bay and Carl's estate. The fourth assignment of error contends that the trial court erred in awarding pre-judgment and post-judgment interest to West Bay. In their fifth assignment of error, they argue that the trial court erred in appointing Anderson as a receiver for the property at 501 Irving Parkway, Sheffield Lake, Ohio. In their sixth assignment of error, Doris's estate, David, and Michael contend that the trial court erred when it dismissed Michael's claims without prejudice.

{¶25} In this case, the trial court awarded attorney fees and interest to West Bay and Carl's estate pursuant to its judgment entry in their favor on the claim of fraudulent conveyance.

Similarly, the trial court appointed Anderson as a receiver for one of the properties based on the trial court's judgment on fraudulent conveyance. *See* R.C. 1336.07(A)(3)(b). Finally, the trial court dismissed Michael's pending counter-claims and cross-claims after it determined that they were rendered moot and/or barred by the finding of fraudulent transfer.

**{¶26}** However, because we concluded that the trial court erred by granting summary judgment on the fraudulent transfer claims, and because these orders cannot stand independently, they must be vacated on remand. Thus, our resolution of the first assignment of error renders assignments of error three, four, five, and six not ripe for review and we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

**{¶27}** The first assignment of error is sustained. The second, third, fourth, fifth, and sixth assignments of error are not yet ripe for review. Therefore, the judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellants.

DANIEL A. COOK and MICHAEL R. NAKON, Attorneys at Law, for Appellee.