[Cite as *Mico Ins. Co. v. Orlando*, 2016-Ohio-193.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICO INSURANCE COMPANY | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 15 CA 15 |
| MARC V. ORLANDO, ET AL. | |
| Defendants-Appellees | O P I N I O N |

<br>

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court of Common Pleas, Case No. 15-VC-08

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      January 15, 2016

APPEARANCES:

For Plaintiff-Appellant
Mico Insurance Company

MERLE D. EVANS, III
KRISTEN S. MOORE
Day Ketterer Ltd.
200 Market Avenue North
Suite 300 Millennium Centre
Canton, Ohio 44702

For Defendant-Appellee
Marc V. Orlando

C. KEITH PLUMMER
Tribbie, Scott, Plummer & Padden
139 West 8th Street
P.O. Box 640
Cambridge, Ohio 43725


For Defendant-Appellee
Alan C. Williams

ANDREW W. ABEL
Spivey Law Firm
13400 Parker Commons Boulevard
Fort Myers, Florida 33912

*Hoffman, J.*

{¶1}   Plaintiff-appellant MICO Insurance Company ("MICO") appeals the April 28, 2015 Entry entered by the Guernsey County Court of Common Pleas, which granted the motions to dismiss of defendants-appellees Marc V. Orlando, et al.

STATEMENT OF THE FACTS AND CASE

{¶2}   On February 23, 2010, Orlando applied for an automobile insurance policy with MICO through the Barengo Insurance Agency in Marietta, Ohio. Orlando listed 12631 Walhonding Road, Pleasant City, Guernsey County, Ohio, as his residential address on the application. In addition, Orlando indicated he had an Ohio driver's license, provided his Ohio driver's license number, identified a 2004 Ford F-140 pick-up truck as the vehicle to be insured, and represented said vehicle would be principally garaged in Ohio. The application required the applicant to provide the location at which the vehicle would be principally garaged if such location was different from the applicant's mailing address. Orlando did not provide an alternative location on his application. Based upon the representations in the application, MICO issued Policy No. 3068-80-362000-00E ("the Policy") to Orlando at his Guernsey County address.

{¶3}   Orlando subsequently provided MICO with a change of mailing address from 12631 Walhonding Road, Pleasant City, Guernsey County, Ohio, to P.O. Box 168, Buffalo, Guernsey County, Ohio. All correspondences from MICO to Orlando were mailed to either the Walhonding Road address or to the P.O. Box.

{¶4}   Orlando was involved in an automobile accident with Appellee Alan Williams in Fort Meyers, Florida, on March 16, 2013. At the time of the accident, Orlando was driving his wife's 2007 Toyota Prius, which was insured through GEICO General

Insurance Company.  Williams filed a Complaint in the Circuit Court of the Twentieth Judicial District, Lee County, Florida, against Orlando and his wife.  GEICO is providing Orlando with a defense in the Florida action.

{¶5}    On April 21, 2014, following the filing of the Florida action, MICO received notice of the accident.  MICO conducted an investigation and concluded it did not have a legal or contractual obligation under the Policy to provide coverage to Orlando for the March 16, 2013 Florida accident.

{¶6}    MICO filed a Complaint for Declaratory  Judgment in the Guernsey County Court of Common Pleas on January 7, 2015, seeking a declaration of its rights and responsibilities under the Policy as it relates to the March 16, 2013 Florida accident.

{¶7}    On February 5, 2015, Orlando filed a Motion to Dismiss or, in the Alternative, Motion to Stay or, in the Alternative, to Change Venue ("Orlando's Motion"). Therein, Orlando argued the matter was not properly venued in Ohio pursuant to Civ. R. 3.  On February 6, 2015, Williams filed a Notice of Limited Appearance to Contest Venue as well as a Motion to Dismiss or, in the Alternative, Motion to Stay or, in the Alternative, to Change Venue ("Williams' Motion"), which was virtually identical to Orlando's Motion. Like Orlando, Williams argued, pursuant to Civ. R. 3, the matter was not properly venued in Guernsey County or Ohio and should be dismissed.  Williams subsequently filed a Notice of Filing of Affidavit in Support of his Motion, averring he was a Florida resident and did not conduct business in Ohio.

{¶8}    On February 27, 2015, MICO filed a brief in opposition to both Orlando's Motion and Williams' Motion, contending venue was proper in Ohio pursuant to Civ. R.

3(B)(3), (6), or (7). In support of its brief, MICO attached the Affidavit of Randall B. McKinney.  Orlando filed a reply to MICO's brief.

{¶9}    Via Entry issued April 28, 2015, the trial court found "the Motions to Dismiss should be GRANTED due to lack of jurisdiction."

{¶10} It is from this entry MICO appeals, raising the following assignments of error:

{¶11} "I. THE TRIAL COURT ERRED IN DISMISSING MICO INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT ON GROUNDS THAT WERE NOT ARGUED BY ANY PARTY.

{¶12} "II. THE TRIAL COURT ERRED IN DISMISSING MICO INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT BECAUSE BOTH JURISDICTION AND VENUE WERE APPROPRIATE IN THE GUERNSEY COUNTY COURT OF COMMON PLEAS.

{¶13} "III. THE TRIAL COURT ERRED IN DISMISSING THE ACTION INSTEAD OF TRANSFERRING IT TO WASHINGTON OR FRANKLIN COUNTY.

{¶14} "IV. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH THE MANDATORY REQUIREMENTS OF CIV.R.3(D)."

I

{¶15} In its first assignment of error, MICO contends the trial court erred in dismissing its complaint for declaratory judgment on grounds not argued by the parties. We agree.

{¶16} Appellate review of a judgment granting a motion to dismiss a complaint is de novo. *Hunt v. Marksmen Prods.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726.

**{¶17}** Civ. R. 7(B)(1) provides, in pertinent part:

An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, *shall state with particularity the grounds therefor*, and shall set forth the relief or order sought * * * (Emphasis added).

**{¶18}** Orlando's Motion and Williams' Motion both sought dismissal of MICO's complaint based upon improper venue. In support of their motions, Orlando and Williams relied solely upon Civ. R. 3. Both motions were limited to an analysis of venue. Neither Orlando nor Williams raised the issue of subject matter and/or personal jurisdiction. Despite the fact Appellees' only basis for dismissal was venue, the trial court granted the motions to dismiss "due to lack of jurisdiction." April 28, 2015 Entry. Because the issue of jurisdiction was not raised with particularity, as required by Civ.R. 7(B)(1) we find the trial court erred in granting the motions to dismiss on this ground. A trial court cannot grant a dispositive motion on grounds not raised by a moving party. *See, e.g., State ex rel. Sawicki v. Ct. of Common Pleas of Lucas Cty.,* 121 Ohio St.3d 507, 2009–Ohio–1523, ¶ 27.

**{¶19}** In addition, we find the trial court has subject matter jurisdiction over MICO's declaratory judgment action to determine coverage under the Policy. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 336, 290 N.E.2d 841, 842. Section IV, Article 4(B) of the Ohio Constitution provides: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may

be provided by law." The action brought by MICO is for declaratory judgment. The contract at issue was made in Ohio between Ohio parties.  We find the merits of claim for relief were within the subject matter jurisdiction of the court of common pleas.

**{¶20}** Furthermore, we agree with MICO neither Orlando nor Williams raised the issue of personal jurisdiction and, as such, it cannot be raised for the first time on appeal. Venue and jurisdiction are distinct legal concepts. "Venue, of course, is to be distinguished from jurisdiction. 'Jurisdiction connotes the power to hear and decide a case on its merits, while venue connotes locality, the place where the suit should be heard'." *Reynolds v. Whitney,* 10th Dist. Franklin No. 03AP–1048, 2004–Ohio–1628, ¶ 5 (Citation omitted). By entering an appearance, a party waives his right to contest personal jurisdiction.  While Williams did file notice of a limited appearance, Orlando did not.

**{¶21}**  MICO's first assignment of error is sustained.

II, III, IV

**{¶22}**  In light of our disposition of MICO's first assignment of error, we find MICO's second, third, and fourth assignments of error to be premature.

{¶23}  The judgment of the Guernsey County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur