[Cite as *KNL Custom Homes, Inc. v. Dotsikas*, 2016-Ohio-5117.]

| | |
|---|---|
| STATE OF OHIO          )<br>                              )ss:<br>COUNTY OF SUMMIT      ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |

| | |
|---|---|
| KNL CUSTOM HOMES, INC.<br><br>    Appellant<br><br>    v.<br><br>KONSTANTINOS DOTSIKAS, et al.<br><br>    Appellees | C.A. No.       27990<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.     CV 2014-08-3938 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2016

---

HENSAL, Judge.

**{¶1}** KNL Custom Homes, Inc. appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment on its claims to Konstantinos and Paraskevi Dotsikas. For the following reasons, this Court reverses.

I.

**{¶2}** According to KNL, in 2010 the Dotsikas hired it to make improvements to a home they owned in Richfield. Although KNL completed the work, the Dotsikases failed to pay it. KNL, therefore, sued them. KNL alleges that the parties eventually entered into an oral settlement agreement. Under the terms of that agreement, KNL allegedly agreed to construct a garage for the Dotsikases, which would help attract a buyer for the property. The Dotsikases allegedly agreed that, once the property sold, they would pay KNL for all of the work. The parties informed the trial court that they had settled the matter and so the trial court dismissed the action with prejudice.

{¶3} According to KNL, after the dismissal, it made a number of unsuccessful attempts to contact the Dotsikases about constructing the garage. It later learned that the Dotsikases had sold the property. KNL, therefore, brought a new action against the Dotsikases, alleging breach of the settlement agreement contract, fraud in the inducement, tortious interference, equitable estoppel, and unjust enrichment. The Dotsikases moved for summary judgment, arguing that KNL's claims were barred by res judicata. KNL also moved for summary judgment or, in the alternative, to amend its complaint to add the title company that was involved in the sale of the Dotsikases' property. The trial court granted the Dotsikases' motion for summary judgment and denied KNL's motions, concluding that KNL's claims were barred by the dismissal that had been entered in the first action. KNL has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON ALL COUNTS IN FAVOR OF DOTSIKAS.

{¶4} KNL argues that the trial court incorrectly awarded summary judgment to the Dotsikases because it concluded that KNL's claims are barred by res judicata. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party

"must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. "In Ohio, '[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id*., quoting *O'Nesti* at ¶ 6. "The previous action is conclusive for all claims that were or that could have been litigated in the first action." *Id*.

{¶6} Parties can enter into a settlement agreement either before the court or outside of the court. If "the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and may be enforced." *Bolen v. Young*, 8 Ohio App.3d 36, 37 (10th Dist. 1982). If the agreement, however, is "extrajudicial, in that the trial judge is advised of the settlement agreement but does not know the content thereof, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract." *Boster v. C & M Servs., Inc.*, 93 Ohio App.3d 523, 525 (10th Dist. 1994). In this case, KNL and the Dotsikases did not reach an agreement before the trial court and the terms of their alleged agreement were not incorporated into the trial court's judgment entry of

dismissal in KNL's prior case. In order to enforce the settlement agreement, therefore, KNL had to either file a new action for breach of contract or move to vacate the dismissal in the prior case. *Lamp v. Richard Goettle, Inc.*, 1st Dist. Hamilton No. C-040461, 2005-Ohio-1877, ¶ 10.

**{¶7}** If parties enter into a valid settlement agreement, res judicata does not bar them from bringing a subsequent action "asserting any deficiencies in the performance of that contract." *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 16; *Morana v. Foley*, 8th Dist. Cuyahoga No. 102572, 2015-Ohio-5254, ¶ 19 ("A claim that a party breached a settlement agreement is not barred by res judicata."). The settlement agreement constitutes a "subsequent contract" that is independent from the alleged breach of the original contract that was the subject of the initial lawsuit. *New Era Builders, Inc.* at ¶ 15.

**{¶8}** KNL's current breach of contract claim arises out of the Dotsikases' alleged breach of the settlement agreement not the parties' original improvement contract. KNL's fraud claim also arises out of the alleged settlement agreement and not the facts underlying the original lawsuit. KNL's tortious interference and equitable estoppel claims also involve facts pertaining to the alleged settlement agreement instead of the facts underlying its original lawsuit. The only count in KNL's complaint that may relate back to the original lawsuit is its unjust enrichment claim, but it is not clear because the record does not contain a copy of the complaint from that action. *See American Mfrs. Mut. Ins. Co. v. Midland Ross Corp.*, 11th Dist. Portage No. 90-P-2202, 1991 WL 147418, *5 (Aug. 2, 1991) ("[If] res judicata is raised by the pleadings but neither a record of the prior judgment, nor the pleadings are offered in evidence, there is no probative evidence from which a determination of res judicata can be made by the trial court.").

{¶9} Upon review of the record, we conclude that the trial court incorrectly granted summary judgment to the Dotsikases because it incorrectly concluded that KNL's claims are barred by res judicata. KNL's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING KNL'S MOTION FOR SUMMARY JUDGMENT, TO AMEND THE COMPLAINT AND ADD A PARTY DEFENDANT AFTER DISCOVERY.

{¶10} Although KNL's second assignment of error refers to its motion for summary judgment, the argument it develops in its brief only pertains to its motion to amend its complaint. KNL also concedes that the terms of the alleged settlement agreement are "disputed[.]" Accordingly, we will only address whether the trial court correctly denied KNL's motion to amend.

{¶11} "The decision to grant or deny a motion to amend a complaint lies in the discretion of the trial court and will not be reversed absent an abuse of discretion." *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 10 (9th Dist.). Upon review of the trial court's judgment, however, it does not appear that the court exercised discretion when it denied the motion to amend. Instead, it appears that the court denied KNL's motion because it mistakenly thought that KNL's claims were barred by res judicata. On remand, the trial court is directed to re-examine whether KNL should be permitted to amend its complaint. *See Mundy v. Roy*, 2d Dist. Clark No. 2005-CA-28, 2006-Ohio-993, ¶ 35 (remanding issue to allow trial court to exercise its discretion, which it had incorrectly determined was precluded). KNL's second assignment of error is sustained in part and overruled in part.

III.

**{¶12}** The trial court incorrectly determined that KNL's claims are barred under the doctrine of res judicata. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for the court to reconsider KNL's motion to amend and other proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ARCHIE W. SKIDMORE, Attorney at Law, for Appellant.

MARK FUSCO, Attorney at Law, for Appellees.