[Cite as *Clardy v. Medina Twp. Bd. of Trustees*, 2018-Ohio-2545.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

DAVID CLARDY

    Appellant

    v.

MEDINA TOWNSHIP BOARD OF
TRUSTEES

    Appellee

C.A. No.    17CA0075-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17CIV0567

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

TEODOSIO, Presiding Judge.

**{¶1}** David Clardy appeals the entry of the Medina County Court of Common Pleas granting judgment on the pleadings in favor of the Medina Township Board of Trustees. We reverse and remand.

I.

**{¶2}** In June 2017, Mr. Clardy filed a complaint for declaratory judgment and injunctive relief against the Medina Township Board of Trustees ("Board") and three individual board members. The action arose over the Board's purchase and use of a property known as the Remsen Building, which consists of several old school buildings connected to a service garage. Mr. Clardy alleged that since the purchase, the Weymouth Preservation Society ("Preservation Society") had occupied a portion of the property without a written agreement, and that the Medina Soccer Association currently leased a portion of the property from the township. Mr.

Clardy further alleged he had made an offer to purchase the building and was told a provision for continued occupancy by the Preservation Society would be a condition of sale.

{¶3} Mr. Clardy's complaint requested judicial determinations that (1) the Township did not have the right to impose a deed or use restriction on the property for the benefit of the Preservation Society or otherwise; (2) the Board had a duty to protect the property and the Township from liability; (3) the Board had a duty to require the Preservation Society to maintain insurance on the property; (4) the property was worth more than $2,500.00; and (5) the Board was required to maximize the value of the property through auction if the trustees did not unanimously agree on a sale. Mr. Clardy also sought injunctive relief to prevent (1) the Board from enacting any restriction on the property; (2) the Preservation Society from using the property without a resolution by the Board approving a written agreement; (3) the Preservation Society from using the property without a certificate of insurance; and (4) any group from using the property for free without a resolution by the Board.

{¶4} In October 2017, the trial court granted the Board's motion for judgment on the pleadings. Mr. Clardy now appeals, raising four assignments of error, which we have reordered for the purposes of our review.

II.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF BY FAILING TO APPLY CIV.R. 12(C), IGNORED THE ALLEGATIONS IN THE COMPLAINT, AND RELIED ON UNSUPPORTED FACTS IN DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED WHEN I[T] FOUND THAT THERE WAS NO CURRENT CONTROVERSY.

**{¶5}** We note at the outset that Mr. Clardy conflates his second and third assignments of error, stating that the trial court relied on unsupported facts in the heading of his second assignment of error, while setting forth the actual argument on these grounds in the body of his third assignment of error. We consider the two assignments of error together to the extent that they both raise the argument that the trial court relied on facts outside of the pleadings.

**{¶6}** In his third assignment of error, Mr. Clardy argues "[t]he trial court erred in finding that no actual controversy or justifiable [sic] issue existed between the parties relating to the current use of the [subject property]." In support of his third assignment of error, Mr. Clardy references R.C. 511.03 and contends the trial court excused the Board of Trustees from complying with its requirements. Mr. Clardy also states that no motion or pleading raised the issue of R.C. 3313.76, which the trial court relied upon in its ruling, and that the trial court made assumptions regarding certain conditions required by R.C. 3313.76 that were not supported by facts or allegations in the pleadings or motions.

**{¶7}** R.C. 3313.76 provides:

> Upon application of any responsible organization, or of a group of at least seven citizens, school premises, as that term is defined in section 3313.77 of the Revised Code, as well as all other buildings under the supervision and control of the state, or buildings maintained by taxation under the laws of this state, shall be available for use as social centers for the entertainment and education of the people, including the adult and youthful population, and for the discussion of all topics tending to the development of personal character and of civil welfare, and for religious exercises. Such occupation should not seriously infringe upon the original and necessary uses of such properties. The public officials in charge of such buildings shall prescribe such rules and regulations for their occupancy and use as will secure a fair, reasonable, and impartial use of the same.

Mr. Clardy contends the court erred in presuming that the Preservation Society and the subject property met all requirements to fall under R.C. 3313.76. We agree.

{¶8} We review a trial court's ruling on a motion for judgment on the pleadings pursuant to the de novo standard. *Savoy v. Kramer*, 9th Dist. Summit No. 27418, 2015-Ohio-437, ¶ 5. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4. "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). A Civ.R. 12(C) motion presents only questions of law, the determination of which is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). "In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court. It cannot be supported by facts outside those pleadings." *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76 (9th Dist.1989).

{¶9} R.C. 3313.76 involves multiple factual determinations for its usage. It requires the "application of any responsible organization, or of a group of at least seven citizens" with regard to "school premises, as that term is defined in section 3313.77 of the Revised Code, as well as all other buildings under the supervision and control of the state, or buildings maintained by taxation under the laws of this state" for use as "social centers for the entertainment and education of the people, including the adult and youthful population, and for the discussion of all topics tending to the development of personal character and of civil welfare, and for religious exercises." Furthermore, "[s]uch occupation should not seriously infringe upon the original and necessary uses of [the property] * * * [and t]he public officials in charge of such buildings shall

prescribe such rules and regulations for their occupancy and use as will secure a fair, reasonable, and impartial use of the same."

{¶10} Under Civ.R. 12(C) the trial court is limited to the face of the pleadings on file with the court and its ruling cannot be supported by facts outside of those pleadings. It is not mere pedantry to suggest that we cannot even presume there was an *application* for the use of the building, yet alone any other of the facts suggested by R.C. 3313.76.

{¶11} As neither Mr. Clardy's complaint nor the Board's answer to the complaint contemplated the application of R.C. 3313.76, neither provides factual allegations that would support the factual determinations necessitated by the statute. We therefore conclude that application of R.C. 3313.76 by the trial court necessarily relied upon facts outside of the pleadings.

{¶12} Mr. Clardy's third assignment of error is sustained.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE IT FAILED TO ADDRESS ALL PLAINTIFF'S CLAIMS.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED BY APPLYING R.C. 3313.76, WHICH IS APPLICABLE TO BOARDS OF EDUCATION, INSTEAD OF 511.03.

{¶13} We do not reach the merits of the arguments contained in Mr. Clardy's first, second, and fourth assignments of error. Our resolution of the third assignment of error is dispositive of this appeal, so we decline to address Mr. Clardy's remaining assignments of error as they are rendered moot. *See* App.R. 12(A)(1)(c).

## III.

**{¶14}** Mr. Clardy's third assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} I concur in the majority's judgment as I agree the matter must be remanded to the trial court. However, I would conclude that the trial court erred by granting judgment on a basis not argued by the parties and would remand the matter for the trial court to address the arguments raised in the motion for judgment on the pleadings.

APPEARANCES:

TIMOTHY J. WEYLS, JR., Attorney at Law, for Appellant.

MEL L. LUTE, JR., Attorney at Law, for Appellee.