[Cite as *Denefield v. Akron*, 2019-Ohio-3249.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

BRENDA DENEFIELD, et al.

    Appellants

    v.

MANUEL NEMER, et al.

    Appellees

C.A. No.     28771

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-08-3700

DECISION AND JOURNAL ENTRY

Dated: August 14, 2019

CARR, Judge.

{¶1} Plaintiffs-Appellants Brenda Denefield, American Legion, Inc., and Highland Square Management, Inc., collectively "Property Owners," appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} This matter concerns the development of four parcels of land in the City of Akron. Those parcels are owned by Defendant-Appellee Lebo Holdings, LLC. Defendant-Appellee Manuel Nemer is Lebo Holdings, LLC's managing partner. Property Owners own property adjacent to one or more of the parcels.

{¶3} In 2013, Mr. Nemer submitted an application to Defendant-Appellee Akron City Planning Commission seeking a conditional use permit to construct a retail/apartment development on one of the parcels: 795 West Market Street. Ultimately, both the planning

commission and Defendant-Appellee Akron City Council approved the permit; Akron City Council issued Ordinance No. 186-2013, which was later signed by the mayor. The ordinance authorized Mr. Nemer to develop and use four parcels for the retail/apartment development.

{¶4} In July 2013, Highland Square Management, Inc. filed an administrative appeal challenging the granting of the conditional use permit. Therein, Highland Square Management, Inc. pointed to numerous defects in the application, notice, and procedure adopting Ordinance No. 186-2013. Much of the concern centered on the fact that the application only mentioned 795 West Market Street but the conditional use approval included three other parcels, two of which were zoned single family residential. Highland Square Management, Inc. viewed this as an improper rezoning of the parcels without an application for a variance. Appellees in the administrative appeal were Akron City Council and Akron City Planning Commission.

{¶5} Later, but prior to any ruling in the administrative appeal, Highland Square Management, Inc. filed a civil action seeking injunctive relief related to construction and use of the parcels. That civil action named Lebo Holdings, LLC, Mr. Nemer, and Summit County as defendants. The two matters were subsequently consolidated.

{¶6} The trial court dismissed the administrative appeal with prejudice concluding that Highland Square Management, Inc. failed to serve Akron City Council or Akron City Planning Commission; thus, Highland Square Management, Inc. failed to perfect its appeal. The trial court also dismissed the action for injunctive relief with prejudice. Highland Square Management, Inc. appealed the judgment and this Court affirmed, following a remand for the trial court to rule on a Civ.R. 60(B) motion. *See Highland Square Management, Inc. v. Akron*, 9th Dist. Nos. 27211, 27372, 2015-Ohio-401, ¶ 5, 24.

{¶7} On June 18, 2015, Property Owners filed a complaint against Lebo Holdings, LLC, Mr. Nemer, and Defendants-Appellees City of Akron Planning Commission and Akron City Council (collectively "Akron"). Property Owners sought a declaratory judgment finding that Ordinance No. 186-2013 was unlawful and void and also sought injunctive relief. In their first claim, Property Owners argued Akron erred in approving the conditional use petition when there "was no compliance with numerous mandatory procedural requirements * * *." In the second count, Property Owners asserted that Akron, Mr. Nemer, and Lebo Holdings, LLC "intend to create a public alley or road on the residential parcels and have failed to follow the procedures and comply with the notice requirements under [R.C. 723.09 and 723.10.]" Property Owners later voluntarily dismissed the action.

{¶8} In August 2016, Property Owners filed the instant action against Akron, Lebo Holdings, LLC, and Mr. Nemer. Count one reiterated many of the alleged procedural defects noted in the administrative appeal and the 2015 complaint. Additionally, the instant complaint included an assertion that Akron Codified Ordinance 153.470 "does not give Defendant City of Akron the authority to create a public alley over private property that is zoned single family residential." In the prayer for relief with respect to count one, Property Owners demanded a declaratory judgment that the conditional use ordinance was "void as a matter of law to the extent that it creates an alley over residential parcels, based on procedural error and other violations of law; and that the ordinance to the extent it unlawfully creates an alley over residential parcels be stricken from the Code of Ordinances for the City of Akron."

{¶9} Count two stated that Akron, Mr. Nemer, and Lebo Holdings, LLC "intend to create a public alley or road on the residential parcels and have failed to follow the procedures and comply with the notice requirements under Ohio R.C. [723.09 and 723.10] respectively." In

the prayer for relief addressing count two, the Property Owners demanded that "Defendants, Lebo Holdings, LLC and Defendant Nemer, their agents, servants, employees, and all persons in active concert and participation with the Defendants, be permanently enjoined from proceeding with any further use of the proposed alley until there has been procedural compliance with Ohio R.C. [] 723.09, 273.10 and 723.11 and be enjoined from any further action that is contrary to the ordinances of the City of Akron and the law of the State of Ohio."

{¶10} Finally, count three of the instant complaint asserted that Lebo Holdings, LLC and Mr. Nemer failed to comply with some of the conditions outlined in Ordinance No. 186-2013. In their prayer for relief for count three, Property Owners maintained they were entitled to injunctive relief "compelling Defendants Lebo Holdings, LLC and Defendant Nemer to complete the work proposed under Akron City Ordinance 186-2013 in a manner consistent with the drawings and site plans approved by the City of Akron as well as an order compelling the Defendant the City of Akron to enforce the conditions of the conditional use application that it approved under Akron City Ordinance 186-2013."

{¶11} Akron filed an answer wherein it raised several defenses, including res judicata. Thereafter, Lebo Holdings, LLC and Mr. Nemer also answered the complaint and included res judicata among their defenses. Akron filed a motion to dismiss or, alternatively, for summary judgment. Therein, Akron argued that Property Owners' complaint failed to state a claim upon which relief can be granted, the claims were barred by the statute of limitations and res judicata, and the claims were moot. Lebo Holdings, LLC and Mr. Nemer filed a similar motion in which they made similar arguments and also joined in Akron's motion. Akron's supporting evidence largely consisted of filings from prior cases. Property Owners opposed the motions and reply briefs were also filed.

{¶12} The trial court concluded that counts one and two of Property Owners' complaint were barred by res judicata; however, it concluded that count three was not. Instead, it concluded that, with respect to count three, Property Owners failed to state a claim upon which relief could be granted as they failed to allege the elements necessary to receive injunctive relief. Additionally, with respect to Akron, the trial court concluded that an injunction was not an appropriate way to force a municipality to comply with its code of ordinances.

{¶13} Property Owners have appealed, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE DEFENDANTS' [CIV.R.] 56 MOTION FOR SUMMARY JUDGMENT ON COUNT I IN THAT RES JUDICATA DOES NOT APPLY TO THE PLAINTIFFS' CLAIMS FOR DECLARATORY JUDGMENT BASED ON OHIO R.C. [] 713.13[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DISMISSING COUNT II BASED ON RES JUDICATA IN THAT SUCH CLAIMS DO NOT INVOLVE ALL OF THE SAME PARTIES AS IN THE ADMINISTRATIVE APPEAL AND THIS COUNT INCLUDES CLAIMS THAT WERE NOT AND COULD NOT HAVE BEEN LITIGATED IN THE PREVIOUS ACTION.

{¶14} Property Owners argue in their first and second assignments or error that the trial court erred in granting summary judgment to Akron, Lebo Holdings, LLC, and Mr. Nemer based upon res judicata. Because we conclude that Akron, Lebo Holdings, LLC and Mr. Nemer failed to meet their burden on summary judgment with respect to the affirmative defense of res judicata, we agree.

{¶15} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial

court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶16} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶18} The trial court applied claim preclusion to Property Owners' first two counts. "Under Ohio law, the doctrine of res judicata consists of both claim preclusion and issue preclusion." *Robinson v. Springfield Local School Dist. Bd. of Edn.*, 9th Dist. Summit No. 20606, 2002 WL 462860, *3 (Mar. 27, 2002) citing *Ft. Frye Teachers Assn., OEA/NEDA v.*

*State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." (Internal quotations and citations omitted.) *KNL Custom Homes, Inc. v. Dotsikas*, 9th Dist. Summit No. 27990, 2016-Ohio-5117, ¶ 5. "The previous action is conclusive for all claims that were or that could have been litigated in the first action." (Internal quotations omitted.) *Id.* "It is well-settled that res judicata is an affirmative defense." *Miller v. Community Health Partners*, 9th Dist. Lorain No. 12CA010165, 2013-Ohio-1935, ¶ 13. The party asserting it has the burden of establishing it. *Moffitt v. Litteral*, 2d Dist. Montgomery No. 19154, 2002-Ohio-4973, ¶ 21.

{¶19} Irrespective of whether Akron, Lebo Holdings, LLC, and Mr. Nemer met their burden with respect to other elements of res judicata, we conclude that they failed to demonstrate the absence of a genuine issue of material fact with respect to whether Property Owners' current counts one and two were previously litigated or could have been previously litigated. *See KNL Custom Homes, Inc.* at ¶ 5.

{¶20} It is true that issues related to the conditional use of the parcels have been previously litigated. However, the current focus of counts one and two of the instant litigation is an alley. As noted above, with respect to count one, Property Owners demanded a declaratory judgment that the conditional use ordinance was "void as a matter of law to the extent that it creates an alley over residential parcels, based on procedural error and other violations of law; and that the ordinance to the extent it unlawfully creates an alley over residential parcels be stricken from the Code of Ordinances for the City of Akron." With respect to count two, Property Owners demanded that "Defendants, Lebo Holdings, LLC and Defendant Nemer, their agents, servants, employees, and all persons in active concert and participation with the

Defendants, be permanently enjoined from proceeding with any further use of the proposed alley until there has been procedural compliance with Ohio R.C. [] 723.09, 273.10 and 723.11 and be enjoined from any further action that is contrary to the ordinances of the City of Akron and the law of the State of Ohio."

{¶21} In the filings submitted in support of the motions for summary judgment, an alley is scarcely mentioned, let alone detailed. There is an alley mentioned in a paragraph of the 2013 complaint seeking injunctive relief. That paragraph states:

> The City of Akron proposes to eliminate the ingress/egress from North Highland Avenue at the Chipotle/Akron Summit County Library parking lot and add a cul-de-sac at the south end of North Highland, which would require all traffic entering the Nemer proposed parking lot to exit through a one-way alley onto Casterton Avenue.

{¶22} It is unclear if that alley is the same alley discussed in the current complaint. Notably, Ordinance No. 186-2013 does not mention an alley and neither does the drawing accompanying the ordinance. After considering the totality of the evidence presented it is impossible to discern whether the alley mentioned in the prior proceeding is the alley at issue in the instant complaint or whether an alley was even contemplated by the ordinance. In short, we know very little about the alley that is at the center of Property Owners' claims. Notably, in their brief in opposition to the motion for summary judgment, Property Owners asserted that at the time of the prior proceedings, the alley "had not yet been constructed and did not exist until over two years later." While the foregoing is merely an allegation without supporting evidence, Akron's, Lebo Holdings, LLC's, and Mr. Nemer's evidence did not dispel the possibility that the same is true. Nothing in the evidentiary materials submitted demonstrated that Property Owners' first two counts were previously litigated or could have been previously litigated. *See KNL Custom Homes, Inc.*, 2016-Ohio-5117, at ¶ 5.

{¶23} It was Akron's, Lebo Holding, LLC's, and Mr. Nemer's burden to demonstrate the absence of a genuine issue of material fact with respect to the application of res judicata and they have failed to meet that burden. We note that the declarations that Property Owners sought in counts one and two appeared to be limited to issues related to the alley. This Court has only decided that Akron, Lebo Holding, LLC, and Mr. Nemer failed to demonstrate res judicata applied with respect to allegations related to the alley, and, thus, it was erroneous for the trial court to grant summary judgment as to those two counts. This opinion should not be read to imply that res judicata was inapplicable to other issues and allegations in the complaint that were or could have been previously litigated.

{¶24} To the extent that Akron, Lebo Holdings, LLC, and Mr. Nemer assert that counts one and two are moot, we cannot say that they have submitted evidence demonstrating the same given the lack of evidence about this particular alley. To the extent that Akron, Lebo Holdings, LLC, and Mr. Nemer contend that these claims are barred by the statute of limitations and fail to state a claim upon which relief can be granted, we note that the trial court has not yet passed upon the merits of these assertions in the first instance. "This Court is a reviewing court and its role is not to decide matters in the first instance." *Huntington Natl. Bank v. Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶ 32. Accordingly, we sustain Property Owners' first two assignments of error but remand the matter for the trial court to consider the arguments it previously declined to consider. *See id.*

{¶25} Property Owners' first and second assignments of error are sustained.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DISMISSING COUNT III ON THE BASIS OF OHIO CIV.R. 12(C) IN THAT APPELL[ANTS] PROPERLY PLEAD A CLAIM FOR STATUTORY INJUNCTIVE RELIEF FOR VIOLATING A

ZONING ORDINANCE AND NEITHER APPELLEE RAISED ANY ISSUE CONCERNING DAMAGES[.]

{¶26} Property Owners argue in their third assignment of error that the trial court erred in dismissing their third count of their complaint. We agree in part.

{¶27} Count three of the instant complaint asserted that Lebo Holdings, LLC and Mr. Nemer failed to comply with some of the conditions outlined in Ordinance No. 186-2013. In their prayer for relief for count three, Property Owners maintained they were entitled to injunctive relief "compelling Defendants Lebo Holdings, LLC and Defendant Nemer to complete the work proposed under Akron City Ordinance 186-2013 in a manner consistent with the drawings and site plans approved by the City of Akron as well as an order compelling the Defendant the City of Akron to enforce the conditions of the conditional use application that it approved under Akron City Ordinance 186-2013."

{¶28} With respect to count three, the trial court concluded that "[i]t is unclear from the evidence presented when the alleged violations of City of Akron Ordinance 186-2013 specified in Count Three occurred and whether these claims could have been included in the prior cause of action." Accordingly, the trial court concluded that Akron, Lebo Holdings, LLC, and Mr. Nemer had failed to demonstrate that res judicata barred count three.

{¶29} The trial court went on to construe Akron's, Lebo Holdings, LLC's, and Mr. Nemer's motion to dismiss for failure to state a claim with respect to count three as a motion for judgment on the pleadings.

{¶30} "Civ.R. 12(C) * * * presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court. It cannot be supported by facts outside those pleadings." (Internal quotations

and citations omitted.) *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471, ¶ 6. A ruling granting a motion for judgment on the pleadings is reviewed de novo. *Id.*

{¶31} The trial court concluded that Property Owners

> failed to plead a cause of action for an injunction based upon the failure to comply with City of Akron Ordinance 186-2013. First, Plaintiffs' Complaint fails to allege any irreparable harm as a result of the five alleged violations of Akron City Ordinance 186-2013. No explanation or allegation of potential injury to be suffered if injunctive relief is not granted is included in the Complaint. * * * Further, no claims of any tort whatsoever are alleged in the Complaint. * * * Without some cognizable claim specific to Plaintiffs and without any allegation of damages as a result of the five alleged violations, the Court finds no grounds exist to award an injunction upon Count Three.

{¶32} Additionally, the trial court concluded that "an injunction is not a proper way to attempt to force a municipality to comply and enforce its code of ordinances. Instead, a party must attempt to comply with its zoning code by a petition for a writ of mandamus."

{¶33} On appeal, Property Owners have not challenged the trial court's basis for dismissing count three as to Akron. *See* App.R. 16(A)(7). Accordingly, Property Owners have failed to demonstrate that the dismissal of count three as to Akron was erroneous and we affirm the dismissal as to Akron on that basis. *See* App.R. 16(A)(7); *Pascual v. Pascual,* 9th Dist. Medina No. 12CA0036-M, 2012-Ohio-5819, ¶ 6 (noting it is an appellant's duty to demonstrate error on appeal).

{¶34} With respect to the dismissal as to Lebo Holdings, LLC and Mr. Nemer, we conclude that the trial court erred in granting judgment on the pleadings on count three because Lebo Holdings, LLC and Mr. Nemer did not argue in their motion that Property Owners failed to satisfy the elements necessary for injunctive relief. Generally, "[a] trial court cannot grant a dispositive motion on grounds not raised by a moving party." *Mico Ins. Co. v. Orlando*, 5th Dist. Guernsey No. 15 CA 15, 2016-Ohio-193, ¶ 18; *see also Clary v. Medina Twp. Bd. of*

*Trustees*, 9th Dist. Medina No. 17CA0075-M, 2018-Ohio-2545, ¶ 15 (Carr, J., concurring in judgment only). While Lebo Holdings, LLC and Mr. Nemer did argue that Property Owners failed to state a claim upon which relief could be granted with respect to count three, the argument they made was more in the nature of res judicata. They did not assert that Property Owners' count three failed to allege elements necessary to entitle them to injunctive relief. Moreover, while Lebo Holdings, LLC and Mr. Nemer did join in Akron's motion to dismiss/motion for summary judgment, Akron's argument concerning why Property Owners' count three failed to state a claim was focused on the fact that it was a municipality and such argument would not be applicable to Lebo Holdings, LLC and Mr. Nemer.

{¶35} Lebo Holdings, LLC and Mr. Nemer additionally argue that the trial court erred in failing to grant summary judgment on count three based upon res judicata. As noted above, the trial court concluded that Akron, Lebo Holdings, LLC, and Mr. Nemer failed to meet their burden to demonstrate that count three was barred. For reasons similar to those outlined in this Court's resolution of Property Owners' first and second assignments of error, we conclude that the trial court did not err. Lebo Holdings, LLC and Mr. Nemer failed to present sufficient evidentiary materials demonstrating that count three could have been included in prior litigation. *See KNL Custom Homes, Inc.*, 2016-Ohio-5117, at ¶ 5.

{¶36} Finally, Lebo Holdings, LLC and Mr. Nemer assert that the judgment was also warranted because the statute of limitations barred count three. However, again as discussed above, the trial court did not consider the merits of this issue, and, as a reviewing court, it is not this Court's role to do so in the first instance. *See Anderson*, 2018-Ohio-3936, at ¶ 32. Upon remand, the trial court can consider the merits of the arguments it did not consider.

**{¶37}** Property Owners' third assignment of error is sustained as to Lebo Holdings, LLC and Mr. Nemer, but overruled as to Akron.

## III.

**{¶38}** Property Owners' first and second assignments of error are sustained. Property Owners' third assignment of error is sustained with respect to Lebo Holdings, LLC and Mr. Nemer and overruled with respect to Akron. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT


SCHAFER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JEROME T. LINNEN, JR., Attorney at Law, for Appellants.

CLAIR E. DICKINSON, Attorney at Law, for Appellees.

JOHN R. YORK, Attorney at Law, for Appellees.

JAMES M. HENSHAW, Attorney at Law, for Appellees.

TANIA T. NEMER, Attorney at Law, for Appellees.